# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| QUINCEY PHILLIP MINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-1932-JMS-MPB |
| | ) |
| AARON BROOKS, WATERS, LYEBURGER, HENSLEY, ROBERT BROOKS, | ) ) |
| | ) |
| Defendant. | ) |

**Entry Granting Motion to Proceed *In Forma Pauperis* and
Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 4] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), at pre-trial detainee at the Delaware County Jail, this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, the plaintiff's alleges violations of his rights pursuant to the Eighth Amendment when he was beaten by the defendants while incarcerated at the Delaware County Jail. More specifically, the plaintiff alleges that defendants Lyeburger, Hensley and Waters held his legs and punched him while defendant Aaron Brooks pulled his arms so far behind his back his arm broke and Robert

Brooks pushed him to the floor and also beat him. Because the plaintiff was a pretrial detainee when the event occurred, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, Courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012)(citing cases).

### III.

The claim for excessive force pursuant to the Fourteenth Amendment against the defendants **may proceed**.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendants Aaron Brooks, Lyeburger, Hensley, Waters, and Robert Brooks in the manner specified by Rule 4(d). Process shall consist of the complaint [dkt. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and **this Entry**.

**IT IS SO ORDERED.**

Date: 8/10/2016

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Quincey Minton, #153971
Pendleton Correctional Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

| | |
|---|---|
| Aaron Brooks | All to be served at the Delaware County Jail: |
| Robert Brooks | 100 W. Washington St. |
| Lyeburger | Muncie, IN 47305 |
| Hensley | |
| Waters | |